PALDI *v.* CADY.

BOUNDARIES—ASCERTAINMENT — COUNTY SURVEYOR — SERVICES—
LIEN—STATUTES—APPLICATION.

Act No. 248, Pub. Acts 1899, and section 2627, 1 Comp. Laws,
creating a lien on lands in favor of the county surveyor for
his services in locating the boundaries thereof, have no appli-
cation to lands situated within the limits of an incorporated
city.

Certiorari to St. Clair; Law, J.   Submitted January
17, 1905.   (Calendar No. 20,825.)   Decided March 5,
1906.

Mandamus by Justin L. Paldi, county surveyor, to
compel Ervin A. Cady, controller of the city of Port
Huron, to assess the amount due relator for services as
surveyor upon certain land.   There was an order deny-
ing the writ, and relator brings certiorari.   Affirmed.

*Cyrus A. Hovey*, for relator.

*Joseph Walsh*, for respondent.

PER CURIAM.   Relator, county surveyor of St. Clair
county, at the request of certain property owners, estab-
lished and located the corners and lines of their property
situated in the city of Port Huron.   These property
owners refusing to pay for his services, relator requested re-
spondent to assess the same upon the land surveyed.
This respondent refused to do, and relator instituted these
proceedings for the purpose of compelling him to do it.
The trial court refused to issue the mandamus.

The single question involved here is whether Act No.
248 of the Public Acts of 1899, which requires "the su-
pervisor of the proper township" to assess pay for such
services "upon the lands so surveyed," has any applica-

tion to land situated within the limits of a city.   Act No. 248 of the Public Acts of 1899 amends (by adding a new section to be known as section 105*a*) chapter 85 of the Compiled Laws of 1897.   In determining its meaning, the act should be construed in connection with section 105 of the amended chapter (section 2627, 1 Comp. Laws).   That section reads:

"Whenever the majority of the resident owners of any section or part or parts of any section of land in this State, after having given at least ten days' notice to all other persons or their agents owning land in the same section, or part or parts of the section, as the case may be, who reside in the township, shall desire to have their corners and lines, or any of them established, relocated or perpetuated, such surveyor shall proceed to make the required surveys and the expense thereof shall be borne by all the persons benefited in proportion to the amount of work done for each, to be determined by the surveyor, and if any person thus benefited, whether a nonresident or otherwise, shall refuse or neglect to pay his share of such expense, such surveyor shall certify the same and to whom due, to the supervisor of the proper township, who shall assess it upon the land of such person to be collected and paid to the county treasurer in the same manner as State and county taxes; and paid by the said county treasurer on the order of the county surveyor."

Construing the act in question in harmony with the foregoing section, it is clear that it does not extend to land situated within the limits of an incorporated city.

The trial court properly denied the mandamus, and his action should be affirmed.